**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Kevin Chance Hollis, | ) | |
| | ) | Civil Action No.: 6:20-cv-04472-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| NFN Palmer, Captain Toth, NFN Phillips, | ) | |
| NFN Holbrooks, Warden Stonebreaker, | ) | |
| Major Graves, Ms. Stronge, Ms. Harper, | ) | |
| Ms. Byrd, and Captain Harouff, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kevin Chance Hollis, a state prisoner who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under 42 U.S.C. § 1983. (*See* ECF No. 1.)  This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge in April 2021 ("Report"). (ECF No. 17.) The Report recommended the court dismiss this case because Plaintiff failed to state a claim for which relief could be granted, even after being provided "an opportunity to correct the defects identified in his [C]omplaint[.]" (*Id.* at 11.) No party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 17) and **DISMISSES** the instant case with prejudice.

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff is currently "a state prisoner in the custody of the South

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Carolina Department of Corrections[.]" (*Id.* at 2.) He asserts that, after an altercation, he was placed on security detention ("SD") status within the restricted housing unit of his facility, despite the fact "there was no evidence or charges served on him." (*Id.*) After two hearings and grievance he filed, Plaintiff remained on SD status. (*Id.* at 2-3.) He claims medical treatment is being withheld from him, and he has been injured by suffering a mental breakdown. (*Id.* at 3.)

The Magistrate Judge issued the Report in April 2021, suggesting this case be dismissed with prejudice. (*Id.* at 11.) The Magistrate Judge began with Plaintiff's Fourteenth Amendment claims, explaining that "prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement." (*Id.* at 4-5 (citing H*ewitt v. Helms*, 459 U.S. 460, 468 (1983)).) The Magistrate Judge continued that Plaintiff also had not alleged any "atypical or significant hardship" to invoke a federally protected liberty interest. (ECF No. 17 at 5.) Even if Plaintiff had done so, the Magistrate Judge observed, he still had "not plausibly alleged that the depravation of his protected liberty interest [was] . . . without due process." (*Id.* (citation omitted).) Relatedly, to the extent Plaintiff's claim could "be construed as . . . an equal protection claim," the Magistrate Judge determined Plaintiff "ha[d] not plausibly alleged how he was treated differently than other similarly situated inmates and his [C]omplaint does not plausibly allege that . . . [D]efendants' actions in placing him on SD status were the result of discrimination or exhibited a discriminatory purpose." (*Id.* at 5-6.)

Next, the Magistrate Judge moved to the conditions of confinement claims, finding Plaintiff's asserted injury of "emotional distress and mental anguish" did not allege a constitutionally cognizable injury under the Eighth Amendment. (*Id.* at 6-7.) Yet "even presuming a cognizable injury, the plaintiff's vague and conclusory allegations that his property was thrown on the floor when his cell was searched does not rise to the level of a constitutional violation." (*Id.*

at 7 (citations omitted).) Nor did Plaintiff allege Defendants had the requisite intent to support such claims. (*Id.* at 7-8.)

The Magistrate Judge relatedly decided any potential supervisory liability claims required dismissal, as "the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits." (*Id.* at 8 (citation omitted).) Specifically, the Magistrate Judge asserted that Plaintiff had "not alleged how each of the above [D]efendants are personally involved with . . . [P]laintiff's alleged constitutional deprivations, and his vague and conclusory allegations do not plausibly allege a challenge to an institutional policy." (*Id.*)

From there, the Magistrate Judge turned to Plaintiff's claim for deliberate indifference to a medical need. (*Id.* at 9.) The Magistrate Judge concluded Plaintiff failed to plausibly state a claim on this basis, expounding that Plaintiff's "allegations regarding mental health treatment rely on [his] preference for different medical attention than he has received, to which [he] is not constitutionally entitled." (*Id.* at 10.) Such a claim, as alleged, lacked any indication that Defendants "knowingly disregarded [a serious medical] need and the substantial risk it posed." (*Id.* at 9-10 (citing *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)).)

Lastly, to the extend Plaintiff alleged "violations of the South Carolina Constitution with respect to adequacy of medical treatment and cruel and unusual punishment," the Magistrate Judge found that Plaintiff "failed to state a constitutional claim for relief," thus finding these claims were "subject to summary dismissal."[2] (ECF No. 17 at 10.) At bottom, the Magistrate Judge recommended dismissing the instant case for the reasons discussed, and doing so with prejudice

---

[2] The Magistrate Judge also stated the Complaint contained no personal allegations related to Defendant Sgt. Byrd, thus necessitating his dismissal. (ECF No. 17 at 10-11.)

under Federal Rule of Civil Procedure 41(b) because Plaintiff "failed to file an amended complaint" to correct previously-identified deficiencies. (*Id.* at 11.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, no party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated in the Report. Thus, as discussed, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 17) and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED**.

United States District Judge

April 30, 2021
Columbia, South Carolina